IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | |
|---|---|
| **WENDY RODRIGUEZ** § § § *Plaintiff*, § § v. § § **ARELI GONZALEZ, LONNIE PRICE GRONER and STEELMAN TRANSPORTATION, INC.,** § § § § § *Defendants*. § | **CIVIL ACTION NO. 7:21-cv-00209** **JURY TRIAL DEMANDED** |

**DEFENDANT STEELMAN TRANSPORTATION, INC.'s NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1441, Defendant Steelman Transportation, Inc. ("Steelman") hereby removes to this Court, the state court action described in Paragraph 1 below. Pursuant to 28 U.S.C. § 1446(a), Steelman sets forth the following "short and plain statement of the grounds for removal."

## I.
## THE REMOVED CASE

1. The removed case is a civil action filed with the 139th Judicial District Court of Hidalgo County, Texas, on May 12, 2021, styled, *Wendy Rodriguez v. Areli Gonzalez, Lonnie Price Groner and Steelman Transportation, Inc.,* Cause No. C-1827-21-C (the "State Court Action").

## II.
## DOCUMENTS FROM REMOVED ACTION

2. Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 81 and 28 U.S.C. § 1446(a), Defendants attach the following documents to this Notice of Removal:

(a) A list of all parties in the case, their party type and current status;

(b) a civil cover sheet and certified copy of the state court docket sheet; a copy of all pleadings that assert causes of action (e.g., complaints, amended complaints, supplemental complaints, petitions, counter-claims, cross-actions, third party actions, interventions, etc.); all answers to such pleadings and a copy of all process and orders served upon the party removing the case to this court, as required by 28 U.S.C. § 1446(a);

(c) a complete list of attorneys involved in the action being removed, including each attorney's bar number, address, telephone number and party or parties represented by him/her;

(d) A record of which parties have requested trial by jury; and

(e) The name and address of the court from which the case is being removed.

## III.
## REMOVAL PROCEDURE

3.  Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed to the United States District Courts for the district and division embracing the place where the action is pending. 28 U.S.C. § 1441. The McAllen Division of the Southern District Court of Texas is the United States district and division embracing Hidalgo County, Texas, and the county in which the State Court Action is pending.

4.  Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders in the State Court Action as of the date of this pleading are attached hereto as ***Exhibit "A"*** and incorporated herein for all purposes.

5.  Defendants will promptly give all parties written notice of the filing of this Notice of Removal and will promptly file a copy of this Notice of Removal with the Clerk of the 139th Judicial District Court, Hidalgo County, Texas, where the action is currently pending.

## IV.
## REMOVAL IS TIMELY

6.  As of the drafting of this Notice, Defendant Areli Gonzalez ("Gonzalez") has not been served with Plaintiff's Original Petition ("Petition"), although it was filed on May 12, 2021 Defendant Lonnie Groner and Steelman have been served with Plaintiffs' Original Petition ("Petition") and timely filed their Original Answer in the State Court Action on May 21, 2021.

7.  Steelman's Notice of Removal is being filed within the time limits specified in 28 U.S.C. § 1446(b).

## V.
## VENUE IS PROPER

8.  The United States District Court for the Southern District of Texas, McAllen Division, is the proper venue for removal of the state court action pursuant to 28 U.S.C. § 1441(a) because the 139th Judicial District Court, Hidalgo County, Texas, is located within the jurisdiction of the United States District Court for the Southern District of Texas, McAllen Division.

## VI.
## DIVERSITY OF CITIZENSHIP EXISTS

9.  The "forum-defendant" rule provides that a civil action may not be removed to federal court on the basis of diversity of citizenship jurisdiction "if any of the parties in interest properly joined *and served* as defendants are citizens of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). Thus, as will be shown below, although Defendant Areli Gonzalez is believed to be a Texas resident, she has not been served in this case.

10. This is a civil action relating to a negligence claim that falls under the Court's original jurisdiction pursuant to 28 U.S.C. § 1332 and is one that may be removed to this Court based on diversity of citizenship in accordance with 28 U.S.C. §§ 1441 and 1446.

11. As admitted in the Petition, Plaintiff Wendy Rodriguez ("Plaintiff") is a resident of Hidalgo County, Texas and is domiciled there.[1]

12. Defendant Gonzalez has not been served and her citizenship has not been determined.

13. Groner is an individual residing in Enid, Mississippi, and is not a citizen of the State of Texas.[2] Groner consents to removal.

14. Steelman is a foreign corporation organized and existing under the laws of the State of Missouri. Thus, pursuant to 28 U.S.C. § 1332(a)(1), Steelman is not a citizen of the State of Texas. Steelman consents to removal.

15. Even presuming that Defendant Gonzalez is a citizen of Texas, a majority of the federal courts including the Fifth Circuit hold that 28 U.S.C. §1441(b)(2) permits removal as long as no in-state defendant has been served. *Texas Brine Co., LLC v. American Arbitration Ass'n*, 955 F.3d 482, 485 (5th Cir. 2020); *see also, e..g., Regal Stone Ltd. v. Longs Drug Stores Cal., L.L.C.*, 881 F. Supp. 2d 1123, 1128-29 (N.D. Cal. 2012); *In re Diet Drugs Prods. Liab. Litig.*, 875 F. Supp. 2d 474, 477 (E.D. Pa. 2012); *Carrs v. AVCO Corp.*, Civil No. 3:11-CV-3423-L, 2012 WL 1945629, at *2 (N.D. Tex. May 30, 2012); *Watanabe v. Lankford*, 684 F. Supp. 2d 1210, 1219 (D. Haw. 2010); *North v. Precision Airmotive Corp.*, 600 F. Supp. 2d 1263, 1270 (M.D. Fla. 2009). The Southern District of Texas is also one of the jurisdictions recognizing the propriety of "snap removal" in a case such as this one. *Smethers v. Bell Helicopter Textron Inc.*, Civil Action No. 6:16-CV-58, 2017 WL 1277512, *2 (S.D. Tex. April 3, 2017)).

16. Consent is not necessary because Defendant Gonzalez has not been served.

---

[1] Exhibit A, Plaintiff's Original Petition at 1.
[2] *Id*. at 1-2.

17. Because Plaintiff is a resident of the State of Texas and Defendants Steelman and Groner are not, complete diversity of citizenship exists pursuant to 28 U.S.C. § 1332. Therefore, the diversity of citizenship requirement is satisfied.

## VII.
## THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

18. Plaintiff alleges in her Petition that she seeks monetary relief "over $250,000 but not more than $1,000,000."[3]

19. Based on the aforementioned facts, the State Court Action may be removed to this Court by Defendants in accordance with the provisions of 28 U.S.C. § 1441(a) because: (i) this is a civil action pending within the jurisdiction of the United States District Court for the Southern District of Texas; (ii) this action is between citizens of different states; and (iii) the amount in controversy as pled by the Plaintiff, exceeds $75,000, exclusive of interest and costs.

## VIII.
## FILING OF REMOVAL PAPERS

20. Pursuant to 28 U.S.C. § 1446(d), Defendants are providing written notice of the filing of this Notice of Removal to all counsel of record and is filing a copy of this Notice with the 139th Judicial District Court, Hidalgo County, Texas, in which this action was originally commenced.

---

[3] *Id.* at 5.

# IX.
# CONCLUSION

21. Defendants Lonnie Price Groner and Steelman Transportation, Inc. hereby removes the above-captioned action from the 139th Judicial District Court, Hidalgo County, Texas, and requests that further proceedings be conducted in the United States District Court for the Southern District of Texas, McAllen Division, as provided by law.

Respectfully submitted,

**MAYER LLP**

4400 Post Oak Parkway, Suite 1980
Houston, Texas   77027
713.487.2000 / Fax 713.487.2019

By:   */s/ Andrew J. Mihalick*
    **Aaron Speer**
    Southern District Bar No. 658919
    State Bar No. 24051365
    Email:  aspeer@mayerllp.com
    **Andrew J. Mihalick**
    Southern District Bar No. 595221
    State Bar No. 24046439
    E-Mail: amihalick@mayerllp.com
    **Jason M. Gunderman**
    Southern District Bar No. 3395605
    State Bar No. 24085349
    E-Mail: amihalick@mayerllp.com

**ATTORNEYS FOR DEFENDANTS
LONNIE PRICE GRONER AND
STEELMAN TRANSPORTATION, INC.**

**CERTIFICATE OF SERVICE**

    This is to certify that on the 21st day of May 2021 a true and correct copy of the foregoing has been forwarded to all counsel of record as follows:

R. Todd Elias
Gordon, Elias & Seely, L.L.P.
1811 Bering Drive, Suite 300
Houston, Texas   77057
Email:  eservice@geslawfirm.com

***COUNSEL FOR PLAINTIFF***
***WENDY RODRIGUEZ***

                                                */s/  Andrew J. Mihalick*
                                                 Andrew J. Mihalick