# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION**

| | | |
|---|---|---|
| **WENDY RODRIGUEZ,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. _____** |
| | § | |
| **ARELI GONZALEZ, LONNIE** | § | **JURY TRIAL DEMANDED** |
| **PRICE GRONER and STEELMAN** | § | |
| **TRANSPORTATION, INC.,** | § | |
| | § | |
| *Defendants.* | § | |

---

### DEFENDANTS' INDEX OF MATTERS BEING FILED

---

Pursuant to Local Rule CV-81, Defendants hereby attach this Index of Matters Being Filed to its Notice of Removal.

<u>**Exhibit 1:**</u>     All Executed Process:

- Executed Return of Service on Steelman Transportation, Inc. on May 19, 2021;
- Executed Return of Service on Texas Transportation Commission in turn forwarding to Lonnie Price Groner on May 19, 2021.

<u>**Exhibit 2:**</u>     All State Court Pleadings:

- Plaintiff's Original Petition filed May 12, 2021
- Defendants Lonnie Price Groner and Steelman Transportation, Inc.'s Original Answer and Jury Demand filed May 21, 2021

<u>**Exhibit 3:**</u>     State Court Docket Sheet

<u>**Exhibit 4:**</u>     List of all counsel of record, including addresses, telephone numbers, and parties represented.

# EXHIBIT 1

*(All Executed Service of Process)*

 CT Corporation

**Service of Process
Transmittal**
05/19/2021
CT Log Number 539582962

TO: Kathy Sledge
Daseke, Inc.
15455 DALLAS PKWY, SUITE 550
ADDISON, TX 75001-6764

RE: **Process Served in Texas**

FOR: Steelman Transportation, Inc.  (Domestic State: MO)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | WENDY RODRIGUEZ, PLTF. vs. ARELI GONZALEZ, DFT. // TO: STEELMAN TRANSPORTATION, INC. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # C182721C |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/19/2021 at 01:16 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/19/2021, Expected Purge Date: 05/24/2021<br><br>Image SOP<br><br>Email Notification,  Kathy Sledge  kathy@daseke.com<br><br>Email Notification,  Kristi Williams  Kristi.Williams@LoneStar-LLC.com<br><br>Email Notification,  Christopher Nelson  chrisn@daseke.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                          Wed, May 19, 2021

**Server Name:**              Ronald Cobb

| | |
|---|---|
| Entity Served | STEELMAN TRANSPORTATION, INC. |
| Agent Name | 0803118969 |
| Case Number | C182721C |
| Jurisdiction | TX |



NOTICE: Pursuant to TRCP 126: Statement of Inability to Afford Payment of Court Costs or an Appeal Bond filed = NO

DELIVERED THIS 19th DAY OF May AT 11 : 04 AM PM BY: _____ Kelli Gill

PROFESSIONAL CIVIL PROCESS LIC# 4574

**C-1827-21-C**
**139TH DISTRICT COURT, HIDALGO COUNTY, TEXAS**

## CITATION
## THE STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

**STEELMAN TRANSPORTATION, INC.**
**REGISTERED AGENT CT CORPORATION**
**1999 BRYAN ST., SUITE 900**
**DALLAS, TX 75201**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION AND REQUIRED DISCLOSURES** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Bobby Flores, 139th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 12th day of May, 2021 and a copy of same accompanies this citation. The file number and style of said suit being C-1827-21-C, **WENDY RODRIGUEZ VS. ARELI GONZALEZ, LONNIE PRICE GRONER, STEELMAN TRANSPORTATION, INC.**

Said Petition was filed in said court by Attorney R. TODD ELIAS, 1811 BERING DR., STE. 300 HOUSTON, TX 77057.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 13th day of May, 2021.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

**ANDRIA GARCIA, DEPUTY CLERK**

**C-1827-21-C**
# OFFICER'S RETURN

Came to hand on _____ of _____, 202____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____  _
          miles ....................$_____

_____
**DEPUTY**
## COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF,
## CONSTABLE OR CLERK OF THE COURT
In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 202___.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / PSC Number**

Electronically Filed
5/19/2021 3:33 PM
Hidalgo County District Clerks
Reviewed By: Xavier Jimenez

**NOTICE:** Pursuant to TRCP 126:  Statement of Inability to Afford Payment of Court Costs or an Appeal Bond filed =  NO

**C-1827-21-C**

**139TH DISTRICT COURT, HIDALGO COUNTY, TEXAS**

**CITATION**

**THE STATE OF TEXAS**

**NOTICE TO DEFENDANT:**  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

**TEXAS TRANSPORTATION COMISSION**
**J. BRUCE BUGG, JR., CHAIRMAN**
**125 E. 11TH STREET**
**AUSTIN, TEXAS 78701-248**

**IN TURN FORWARDING TO**

**LONNIE PRICE GRONER**
**1086 MUDLINE ROAD**
**ENID, MISSISSIPPI 38927**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION AND REQUIRED DISCLOSURES** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Bobby Flores, 139th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 12th day of May, 2021 and a copy of same accompanies this citation.  The file number and style of said suit being C-1827-21-C, **WENDY RODRIGUEZ VS.  ARELI GONZALEZ, LONNIE PRICE GRONER, STEELMAN TRANSPORTATION, INC.**

Said Petition was filed in said court by Attorney R. TODD ELIAS, 1811 BERING DR., STE. 300 HOUSTON, TX 77057.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 13th day of May, 2021.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**


_____
**ANDRIA GARCIA, DEPUTY CLERK**

Electronically Filed
5/19/2021 3:33 PM
Hidalgo County District Clerks
Reviewed By: Xavier Jimenez

**C-1827-21-C**
# OFFICER'S RETURN

Came to hand on _____ of _____, 202_____ at _____ o'clock _____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
miles ...................$_____

_____
**DEPUTY**

## COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 202___.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / PSC Number**

Electronically Filed
5/19/2021 3:33 PM
Hidalgo County District Clerks
Reviewed By: Xavier Jimenez
RUSH SERVICE

# 139th District Court of HIDALGO County, Texas
100 N. CLOSNER, 2ND FLOOR EDINBURG TX 78539

## CASE #: C-1827-21-C

**WENDY RODRIGUEZ**

*Plaintiff*
**vs**
**ARELI GONZALEZ, LONNIE PRICE GRONER, STEELMAN TRANSPORTATION, INC.**

*Defendant*

### <u>AFFIDAVIT OF SERVICE</u>

I, **JAMES R HENDERSON**, make statement to the fact;
That I am a competent person more than 18 years of age or older and not a party to
this action, nor interested in outcome of the suit.  That I received the documents
stated below on 05/19/21 10:51 am, instructing for same to be delivered upon TEXAS
TRANSPORTATION COMMISSION BY DELIVERING TO, J. BRUCE BUGG, JR., CHAIRMAN.

That I delivered to: TEXAS TRANSPORTATION COMMISSION BY DELIVERING TO, J. BRUCE
                     BUGG, JR., CHAIRMAN. By Delivering to Jenna Townsend, Authorized
                     To Accept

the following      : CITATION; PLAINTIFF'S ORIGINAL PETITION AND REQUIRED
                     DISCLOSURES

at this address    : 125 E. 11TH STREET
                     Austin, Travis County, TX

Manner of Delivery : By PERSONALLY delivering the document(s) to the person above.

Delivered on       : Wednesday MAY 19, 2021 12:00 pm


My name is JAMES R HENDERSON, my date of birth is OCT 24th, 1980, and my address is
Professional Civil Process Downtown, 2211 S. IH 35, Suite 105, Austin TX 78741, and
U.S.A.  I declare under penalty of perjury that the foregoing is true and correct.
Executed in Travis County, State of Texas, on the _____ day of
_____, 20__.

_____
JAMES R HENDERSON          2732   Declarant
TX Certification#: PSC-12091 Exp. 06/30/2021

AX02A21503275

tomcat
eaffidavits@pcpusa.net

Service Fee: 125.00   PCP Inv#: Z21500196
Witness Fee:    .00   SO  Inv#: A21503275
Mileage Fee:    .00   Reference : C-1827-21-C
Elias, R. Todd

E-FILE RETURN

# EXHIBIT 2

*(All State Court Pleadings)*

CAUSE NO. **C-1827-21-C**

| | | |
|---|---|---|
| WENDY RODRIGUEZ | § | IN THE DISTRICT COURT OF |
| *Plaintiff* | § | |
| | § | |
| | § | |
| v. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| ARELI GONZALEZ, LONNIE PRICE | § | |
| GRONER, STEELMAN | § | |
| TRANSPORTATION, INC. | § | |
| *Defendants* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUIRED DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Wendy Rodriguez files this Original Petition and Required Disclosures complaining of Defendants Areli Gonzalez, Lonnie Price Groner and Steelman Transportation, Inc. and for cause of action would respectfully show this Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.1    This case will be governed by Discovery Control Plan Level 2, pursuant to Rule 190.3 of the Texas Rules of Civil Procedure.

### II.
### PARTIES

2.1    Plaintiff Wendy Rodriguez is a resident of Hidalgo County, Texas, identification number xxxxxx343.

2.2    Defendant Areli Gonzalez is an individual residing in Hidalgo County and may be served with process at 116 W. Dove Avenue, Pharr, Texas 78577. Plaintiff requests that the Hidalgo County District clerk issue citation for service.

2.3    Defendant Lonnie Price Groner is an individual residing at 1086 Mudline Road, Enid,

Electronically Filed
3/12/2021 5:34 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1827-21-C

Mississippi, 38927 and may be served with process through J. Bruce Bugg, Jr., Chairman

Texas Transportation Commission 125 E. 11th Street Austin, Texas 78701-248. Plaintiff requests that

the Hidalgo County District clerk issue citation for service.

2.4 Defendant Steelman Transportation, Inc. is a Missouri corporation doing business in State of

Texas. Plaintiff requests that the Hidalgo County District Clerk issue citation for service on

Defendant's register agent, CT Corporation, 1999 Bryan St., Suite 9000, Dallas, TX 75201.

### III.
### JURISDICTION AND VENUE

3.1 Jurisdiction in this Court is proper because the amount in controversy is within the

jurisdictional limits of this Court. Venue is proper in Hidalgo County because all or a substantial part

of the events and omissions giving rise to Plaintiff's causes of action occurred in Hidalgo County.

### IV.
### FACTUAL BACKGROUND

4.1 This is a suit for negligence. This case arises from severe injuries sustained by Plaintiff in a

collision that occurred on or about May 13, 2019. Plaintiff Wendy Rodriguez was a passenger in a

2018 White Dodge Journey traveling eastbound in the outside lane of Interstate 2, driven by Areli

Gonzalez when Defendant Lonnie Price Groner, also travelling eastbound, driving a 2015 green

Peterbilt tractor trailer owned by Steelman Transportation, Inc. backed up unsafely, striking the front

of the Dodge Journey vehicle.

### V.
### NEGLIGENCE AGAINST ARELI GONZALEZ

5.1 Defendant Areli Gonzalez owed legal duties to Plaintiff to operate her vehicle as an ordinary

prudent driver would. Defendant breached that duty in the following non-exclusive particulars:

    a.     failing to maintain a proper lookout;

    b.     failing to take evasive action;

    c.     failing to avoid the collision;

C-1827-21-C

   e.      failing to maintain an assured clear distance;

   f.      failing to operate the vehicle reasonably, prudently, and safely.

## VI.

### NEGLIGENCE AGAINST LONNIE PRICE GRONER

6.1    Defendant Lonnie Price Groner owed legal duties to Plaintiff to operate his vehicle as an ordinary prudent driver would.   Defendant breached that duty in the following non-exclusive particulars:

   a.      failing to timely apply the brakes to avoid the collision;

   b.      failing to maintain a proper lookout;

   c.      failing to maintain proper control of the vehicle;

   d.      failing to avoid the collision;

   e.      failing to maintain an assured clear distance;

   f.      backing up unsafely and;

   g.      failing to operate the vehicle reasonably, prudently, and safely.

## VII.
### RESPONDEAT SUPERIOR/VICARIOUS LIABILITY

7.1    Plaintiff was injured as a result of Defendant Lonnie Price Groner's tortious acts described above.   Upon information and belief Defendant Lonnie Price Groner may have been in the course and scope of his employment with Defendant Steelman Transportation, Inc. The tortious acts were committed while Defendant Lonnie Price Groner was acting within his general authority, in furtherance of Defendant Steelman Transportation, Inc.'s business, and for the accomplishment of the object for which he was hired.   Accordingly, Defendant Steelman Transportation, Inc. is vicariously liable for the tortious conduct of Defendant Lonnie Price Groner.

## VIII.
### NEGLIGENT ENTRUSTMENT

Electronically Filed
5/5/2021 5:34 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1827-21-C

8.1     Furthermore, Plaintiff will show that Defendant, Steelman Transportation, Inc. negligently

entrusted the vehicle to Defendant Lonnie Price Groner, whose incompetence, inexperience,

carelessness and/or recklessness was known or should have been known and said incompetence,

inexperience, carelessness and/or recklessness was a proximate cause of the subject accident.

## IX.
## DAMAGES

9.1     Defendants' negligence proximately caused Plaintiff's injuries and damages.  As a result,

Plaintiff seeks recovery of the following elements of damage:

    a)  Reasonable medical care and expenses in the past;

    b)  Reasonable and necessary medical care and expenses which will in all reasonable
        probability be incurred in the future;

    c)  Physical pain and suffering in the past and future;

    d)  Physical impairment in the past and future;

    e)  Physical disfigurement in the past and future;

    f)  Mental anguish in the past and future;

    g)  Lost wages in the past and future; and

    h)  Loss of earning capacity in the past and future.

## X.
## RULE 193.7 NOTICE

10.1    Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives notice

that any and all documents produced by any party in response to written discovery may be used at any

pretrial proceeding or at trial.

## X.
## JURY DEMAND

11.1    Plaintiff hereby demands a trial by jury and has tendered the appropriate jury fee with this

petition.

**C-1827-21-C**

## XII.
### RULE 47 STATEMENT

12.1    Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000, at this time.

## XIII.
### REQUIRED DISCLOSURES

13.1    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are required to make

the initial disclosures under Tex. R. Civ 194.2 (1) – (12) within thirty (30) days after the filing of the

first answer or general appearance.

## XIV.
### PRAYER

14.1    For these reasons, Plaintiff, Wendy Rodriguez asks this Court to issue citation for Defendants

to appear and answer, and that he be awarded judgment against Defendants for the actual damages,

prejudgment and post-judgment interest at the highest rate authorized by law, court costs all other

relief to which Plaintiff is entitled.

Respectfully submitted,

**GORDON, ELIAS & SEELY, L.L.P.**

*/s/ R. Todd Elias*
R. Todd Elias
Texas Bar No. 00787427
1811 Bering Drive, Suite 300
Houston, Texas 77057
713.668.9999
713.668.1980 (facsimile)
eservice@geslawfirm.com
**ATTORNEYS FOR PLAINTIFF**

Electronically Filed
5/21/2021 11:21 AM
Hidalgo County District Clerks
Reviewed By: Xavier Jimenez

CAUSE NO. C-1827-21-C

| | | |
|---|---|---|
| **WENDY RODRIGUEZ,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **ARELI GONZALEZ, LONNIE PRICE** | § | **HIDALGO COUNTY, TEXAS** |
| **GRONER, STEELMAN** | § | |
| **TRANSPORTATION, INC.,** | § | |
| *Defendants.* | § | |
| | § | **139th JUDICIAL DISTRICT** |

**DEFENDANTS LONNIE PRICE GRONER AND
STEELMAN TRANSPORTATION, INC.'S ORIGINAL ANSWER**

LONNIE PRICE GRONER ("Groner") and STEELMAN TRANSPORTATION, INC. ("Steelman"), Defendants herein, file their Original Answer as follows:

**I.      GENERAL DENIAL**

1.      Defendants Lonnie Price Groner and Steelman Transportation, Inc. (collectively, "Defendants") deny each and every, all and singular, material allegation contained within Plaintiff's Original Petition, pleadings, and any amendments or supplements thereto and demand strict proof thereof in accordance with the Texas Rules of Civil Procedure.

**II.      INFERENTIAL REBUTTAL INSTRUCTIONS**

2.      Defendants assert the following by way of inferential rebuttal and request the Court instruct the jury as follows:

a.      **New and Independent Cause / Superseding Intervening Cause**.  The alleged damages in question as set forth in Plaintiff's Original Petition were caused, in whole or in part, by an act or omission

Electronically Filed
5/21/2021 11:21 AM
Hidalgo County District Clerks
Reviewed By: Xavier Jimenez

of a separate and independent agency, not reasonably foreseeable to the Defendants, that destroyed any causal connection between the alleged acts or omissions of the Defendants and the injury complained of thus becoming an intervening, superseding cause of the incident and/or alleged injuries.

b.      **Sole Proximate Cause**.  The act(s) or omission(s) of another person, including Plaintiff and other entities, was/were the sole cause of the damages alleged by Plaintiff in the Original Petition.

c.      **Unavoidable Accident**.  The incident was an unavoidable accident, casualty or misfortune over which Defendants had no control.

d.      **Sudden emergency.**  At the time of the accident in question, Defendants were faced with a sudden emergency to which Defendants reacted as would a person of ordinary prudence under the same or similar circumstances.

e.      **Prior and/or Subsequent Injuries/Conditions**.  Plaintiff's claims of physical and/or mental ailments in this cause were, in whole or in part, proximately caused solely and/or proximately by prior and/or subsequent accidents, events, or occurrences.  Also, Plaintiff's claims of injuries and damages are the result in whole or in part of pre-existing conditions, injuries, diseases, illnesses, and disabilities and not the result of any act or omission on the part of the Defendants.

## III.    AFFIRMATIVE DEFENSES

3.      By way of affirmative defense, pleading in the alternative and without waiving the foregoing general denial:

a.      **Comparative Negligence-Responsibility.**  The negligence of Plaintiff and one or more third parties and/or one or more Co-Defendants was/were the sole, or a partial, proximate cause of the

Electronically Filed
5/21/2021 11:21 AM
Hidalgo County District Clerks
Reviewed By: Xavier Jimenez

accident and the injuries and damages alleged by Plaintiff.  Because of Plaintiff's negligence, Plaintiff is barred, in whole or in part, from a recovery of damages from Defendants.  Also, pursuant to Ch. 33, Texas Civil Practice and Remedies Code, Defendants invokes the doctrine of comparative responsibility and are entitled to an issue submitted to the jury on the comparative responsibility of Plaintiff and/or any third party and/or any Co-Defendants who caused, contributed or were responsible for the injuries and damages alleged by Plaintiff.

b.      **Offsets and Credits.**  Pleading further, alternatively, and by way of affirmative defense, Defendants assert that in the unlikely event that an adverse judgment would be rendered against it, they would respectfully request all available credits and/or offsets as provided by the Texas Civil Practice & Remedies Code and under Texas law.

c.      **Responsible Third Parties.**  The accident in question and/or the alleged damages were proximately and/or producing caused, in whole or in part, by the acts, omissions, fault, negligence, or other conduct of third parties, persons, or entities over whom Defendants have no right of control nor for whom Defendants are legally responsible.  Also, to the extent the acts and/or omissions for which Plaintiff complains were committed by persons subject to Defendants' supervision and control, Plaintiff's claims are barred against Defendants, in whole or in part, because said persons acted beyond the scope of their authority to act on behalf of Defendants.  Also, regarding other parties' causation of Plaintiff's injuries, Defendants' liability must be reduced, and if Defendants are found to be jointly and severally liable, Defendants are entitled to a judgment for contribution from these other parties.

d.      **Paid-or-Incurred Medical-Expense Limitation**. Plaintiff's recovery of medical or health care expenses is limited to the amount

Electronically Filed
5/21/2021 11:21 AM
Hidalgo County District Clerks
Reviewed By: Xavier Jimenez

actually paid or incurred by or on behalf of Plaintiff, pursuant to TEX. CIV. PRAC. & REM. CODE § 41.0105. Furthermore, Defendants would show that at trial of the above-styled cause, Plaintiff may only offer and/or present evidence to the trier of fact related to the medical or healthcare expenses she actually paid or incurred, excluding any offsets or adjustments allowed by her medical or healthcare providers. *See Haygood v. De Escabedo,* 356 S.W.3d 390 (Tex. 2011).

e.      **Loss of Earnings / Loss of Earning Capacity—Post-Tax-Payments/Liability**.   Pursuant to TEX. CIV. PRAC. & REM. CODE § 18.091, Plaintiff must prove her alleged loss of earnings and/or loss of earning capacity in a form that represents their net loss after reduction for income tax payments or unpaid tax liability.   Also, Defendants request the Court instruct the jury as to whether any recovery for compensatory damages sought by Plaintiff is subject to federal and state income taxes.

f.      **Damages Bars and Limitations.**  Plaintiff's claims, if any, for exemplary, punitive, or other damages are barred, limited, restricted, and/or governed by the provisions of the TEX. CIV. PRAC. & REM. CODE Ch. 41 and other applicable law.

g.      **Punitive-Damages Unconstitutionality.**  Defendants further invoke their rights under the Due Process Clause and Equal Protection Clause of the Fifth, Eighth, (as it applies to the States through the Fourteenth Amendment) and Fourteenth Amendments of the United States Constitution.   Punitive and/or exemplary damages violate the Fifth, Eighth, and Fourteenth Amendments inasmuch as punitive and/or exemplary damages can be assessed:

(1)      In an amount left to the discretion of the jury and judge;

Electronically Filed
5/21/2021 11:21 AM
Hidalgo County District Clerks
Reviewed By: Xavier Jimenez

(2)   in assessing such sums, the decision of the jury need only be based on a vote of ten jurors and does not require a unanimous verdict;

(3)   in assessing such penalty or exemplary awards, Plaintiff need only prove the theory of gross negligence on a clear-and-convincing-evidence standard and not on a "beyond a reasonable doubt" standard, as should be required in assessing a punishment award;

(4)   also, the Defendants who are subject to the award do not have the right to refuse to testify against themselves, but must, in fact, take the stand and/or give deposition testimony or subject themselves to the consequences of a default judgment;

(5)   the assessment of such a punishment and/or exemplary award is not based on a clearly defined statutory enactment setting forth a specific mens rea requirement and/or other prerequisites of a criminal fine and, in effect, allows the assessment of such awards though there are no specific standards, limits or other statutory requirements set forth which define the mens rea and scope and limit of such awards; thus, the awards are unduly vague and do not meet the requirements of due process;

(6)   in essence, Defendants herein are subjected to all the hazards and risks of what amounts to a fine and, in fact, such awards often exceed normal criminal fines; but Defendants receives none of the basic rights afforded a criminal Defendants when being subjected to possible criminal penalties; and

(7)   the assessment of punitive and/or exemplary damages differs from Defendant to Defendant and treat similar Defendants in dissimilar ways.

Thus, Defendants herein invokes their rights under the Fifth, Eighth and Fourteenth Amendments of the United States Constitution and requests this Court disallow the award of punitive and/or exemplary damages in as much as an award in this case would violate Defendants' United States Constitutional rights.

h.    **Mitigation of Damages.**  pursuant to the Patient Protection and Affordable Care Act ("ACA") and common-law, Plaintiff has a duty to mitigate the amount of future damages for medical care by purchasing

Electronically Filed
5/21/2021 11:21 AM
Hidalgo County District Clerks
Reviewed By: Xavier Jimenez

a health insurance policy no later than March 31, 2014 in accordance with the Individual Mandate prescribed in 26 U.S.C. § 5003A et.seq. Further, Defendant's potential liability for future medical care should be limited to the amounts not covered under the ACA for co-pays and deductibles.  In the alternative, if Plaintiff has purchased a health insurance policy pursuant to the Individual Mandate, Plaintiff's future medical expenses are limited to the amount the ACA will actually pay for medical expenses and not the full retail cost of future medical care.

i.      **Reservation of Rights.**  Defendants hereby give notice they intend to rely on such other defenses or denials, affirmative or otherwise, and to assert third-party claims and any other claims, as may become available or appear during discovery as discovery proceeds in this matter, and hereby reserve the right to amend their Answer to assert such defenses.

## IV.      TEX. R. CIV. P.193.7 NOTICE

4.      Pursuant to Tex. R. Civ. P. 193.7, Defendants hereby give actual notice to Plaintiff that any and all documents produced by Plaintiff may be used against Plaintiff at any pretrial proceeding or at the trial of this matter without the necessity of authenticating the documents.

## V.      REQUESTS FOR DISCLOSURE PURSUANT TO TEX. R. CIV. P. 194.2

5.      Pursuant to TEX. R. CIV. P. 194.2, Defendants request that Plaintiff disclose within the time period set forth in Rule 194. 3 the information or material described in Rule 194.2(a) through 194.2(1).

Electronically Filed
5/27/2021 11:21 AM
Hidalgo County District Clerks
Reviewed By: Xavier Jimenez

## VI.      PRAYER

6.      Defendants prays that Plaintiff take nothing by this lawsuit, that Defendant go hence with its costs without delay, and for such other and further relief, both general and special, at law and in equity, to which Defendant may show itself justly entitled.

Respectfully submitted,

**MAYER LLP**

750 North St. Paul, Suite 700
Dallas, Texas   75201
214-379-6900 / Fax 214-379-6939

By:      _/s/ Aaron Speer_
Aaron Speer
State Bar No. 24051365
Email:  aspeer@mayerllp.com

Andrew J. Mihalick
State Bar No. 24046439
amihalick@mayerllp.com
Jason M. Gunderman
State Bar No. 24085349
jgunderman@mayerllp.com
4400 Post Oak Parkway, Suite 1980
Houston, Texas   77027

**ATTORNEYS FOR DEFENDANTS
LONNIE PRICE GRONER AND
STEELMAN TRANSPORTATION, INC.**

Electronically Filed
5/21/2021 11:21 AM
Hidalgo County District Clerks
Reviewed By: Xavier Jimenez

## CERTIFICATE OF SERVICE

This is to certify that on the 21st day of May 2021, a true and correct copy of the foregoing has been forwarded to all counsel of record as follows:

R. Todd Elias
Gordon, Elias & Seely, L.L.P.
1811 Bering Drive, Suite 300
Houston, Texas   77057
Email:  eservice@geslawfirm.com

***COUNSEL FOR PLAINTIFF***

☐E-Mail
☐Hand Delivery
☐Facsimile
☐Overnight Mail
☐Regular, First Class Mail
☒E-File and Serve
☐E-Service Only
☐Certified Mail/Return Receipt Requested

/s/    *Andrew J. Mihalick*
Andrew J. Mihalick

# EXHIBIT 3

*( State Court Docket Sheet)*

Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search  Back　　　　　　Location : All Courts　　Images

# REGISTER OF ACTIONS
## CASE NO. C-1827-21-C

| | | | |
|---|---|---|---|
| Wendy Rodriguez VS. Areli Gonzalez, Lonnie Price Groner, Steelman Transportation, Inc. | § § § § § | Case Type: | **Injury or Damage - Motor Vehicle (OCA)** |
| | | Date Filed: | **05/12/2021** |
| | | Location: | **139th District Court** |

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| **Defendant** | **Gonzalez, Areli** | |
| **Defendant** | **Groner, Lonnie Price** | |
| **Defendant** | **Steelman Transportation, Inc.** | |
| **Plaintiff** | **Rodriguez, Wendy** | **R. TODD ELIAS** *Retained* 713-668-9999(W) |

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 05/12/2021 | **Original Petition (OCA)** *AND REQUIRED DISCLOSURES* | | |
| 05/13/2021 | **Citation** | | |
| | Gonzalez, Areli | Unserved | |
| | Groner, Lonnie Price | Served | 05/19/2021 |
| | | Returned | 05/19/2021 |
| | Steelman Transportation, Inc. | Unserved | |
| 05/13/2021 | **Citation Issued** | | |

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Plaintiff** Rodriguez, Wendy | | | |
| | Total Financial Assessment | | | 340.00 |
| | Total Payments and Credits | | | 340.00 |
| | **Balance Due as of 05/21/2021** | | | **0.00** |
| 05/13/2021 | Transaction Assessment | | | 340.00 |
| 05/13/2021 | EFile Payments from TexFile | Receipt # DC-2021-008040 | Rodriguez, Wendy | (340.00) |

# EXHIBIT 4

*(List of All Counsel of Record)*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| **WENDY RODRIGUEZ,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 7:21-cv-00209 |
| | § | |
| **ARELI GONZALEZ, LONNIE** | § | JURY TRIAL DEMANDED |
| **PRICE GRONER and STEELMAN** | § | |
| **TRANSPORTATION, INC.,** | § | |
| | § | |
| *Defendants.* | § | |

## COUNSEL OF RECORD AND INFORMATION PURSUANT TO LOCAL RULE CV-81(C)

(1)    A list of all parties in the case, their party type (e.g., plaintiff, defendant, intervenor, receiver, etc.) and current status of the removed case (pending, dismissed);

  *Plaintiff*  Wendy Rodriguez

  *Defendants* Areli Gonzalez, Lonnie Price Groner and Steelman Transportation, Inc.

  The removed case is currently pending.

(2)    A civil cover sheet and a certified copy of the state court docket sheet; a copy of all pleadings that assert causes of action (e.g. complaints, amended complaints, supplemental complaints, counterclaims, cross-actions, third party actions, interventions, etc.); all answers to such pleadings and a copy of all process and orders served upon the party removing the case to this court, as required by 28 U.S.C. § 1446(a).

  See attached civil cover sheet and documents attached to Defendants' Notice of Removal as *Exhibit "A*."

(3)     A complete list of attorneys involved in the action being removed, including each attorney's bar number, address, telephone number and party or parties represented by him/her;

| | |
|---|---|
| **GORDON, ELIAS & SEELY, L.L.P.**<br>**R. Todd Elias**<br>State Bar No. 00787427<br>1811 Bering Drive, Suite 300<br>Houston, Texas   77057<br>956.548.2230 / 956.548.2240 – fax<br>Email: eservice@geslawfirm.com<br>Phone:  713-668-9999<br>Fax:  713-668-1980<br><br>*Counsel for Plaintiff*<br>**Wendy Rodriguez** | **MAYER LLP**<br>**Aaron Speer**<br>State Bar No. 24051365<br>Email: aspeer@mayerllp.com<br>**Andrew J. Mihalick**<br>State Bar No. 24046439<br>Southern Bar No. 595221<br>Email: amihalick@mayerllp.com<br>**Jason Gunderman**<br>State Bar No. 24085349<br>Southern Bar No. 3395605<br>Email: jgunderman@mayerllp.com<br>4400 Post Oak Parkway, Suite 1980<br>Houston, Texas 77027<br>713.487.2000/713.487.2019 – fax<br><br>*Counsel for Defendants*<br>LONNIE PRICE GRONER AND<br>STEELMAN TRANSPORTATION, INC. |

(4)     A record of which parties have requested a trial by jury (this information is in addition to placing the word "jury" at the top of the Notice of Removal immediately below the case number);

Defendants have requested a trial by jury.

(5)     The name and address of the court from which the case is being removed.

139th District Court of Hidalgo County, Texas
Honorable Bobby Flores
100 N. Closner
Edinburg, Texas   78539
T: 956.318.2260